1

IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF SOUTH CAROLINA
*Pro Se* [Non-Prisoner] Complaint Form

RECEIVED
USDC, CLERK GREENVILLE, S
2015 MAY -4  PM 12: 56

| | |
|---|---|
| THOMAS TOSAI PERKINS | Civil Action No. _____ <br> *(to be assigned by Clerk)* |
| v. | |
| SOUTH CAROLINA DEPARTMENT OF <br> LABOR, LICENSING AND REGULATION <br> & <br> TARALKUMAR RAVJIBHAI SHARMA, M.D. | |

***If allowed by statute, do you wish to have a trial by jury?***       Yes X     No ☐

## I.  PREVIOUS LAWSUITS

A.  *Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?*

Yes ☐    No X

1

B. *If you answer to A is Yes, describe the lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.*

   1. *Parties to this previous lawsuit:*

      *Plaintiff:* _____

      *Defendant(s):* _____

   2. *Court:* _____
      *(If federal court, name the district; if state court, name the county)*

   3. *Docket Number:* _____

   4. *Name(s) of Judge(s) to whom case was assigned:* _____

   5. *Status of Case:* _____
      *(For example, was the case dismissed? Settled? Appealed? Still Pending?)*

   6. *Date lawsuit was filed:* _____

   7. *Date of disposition (if concluded):* _____

C. *Do you have any other lawsuits pending in the federal court in South Carolina?*

   Yes ☐     No X

## II. PARTIES

*In Item A below, place your name and address in the space provided. Do the same for additional plaintiffs, if any.*

A. Name of Plaintiff: THOMAS TOSAI PERKINS

   Address:   Unit: 5CC, 200 Holman Street, Greenwood, S.C. 29649

*In Item B below, place the full name of the defendant; and his, her, or its address, in the space provided. Use Item C for additional defendants, if any.*

B. Name of Defendant: South Carolina Department of Labor, Licensing and Regulation

   Address:   110 Centerview Drive, Post Office Box 11329, Columbia, S.C. 29211-1329

    C.  *Additional Defendants (provide the same information for each defendant as listed in Item B above)*:DR. TARALKUMAR RAVJIBHAI SHARMA, c/o Patrick B. Harris, Psychiatric Hospital, 130 S Carolina 252, Anderson, S.C. 29621.

## III.  STATEMENT OF CLAIM

On or about 02/28/2014, THOMAS TOSAI PERKINS, the complainant, complianed to DR. TARALKUMAR RAVJIBHAI SHARMA, regarding three (3) main issue(s), which were:

- Medical Neglect *and/or* Lack in Care when Sharma refused: X-rays, and a cast, for my broken right hand, which now appears "ugly" due to healing without a cast while under his care.

- Very Possible "Misdiagnosis." Diagnosis by Laurens County Hospital M.D. within the month of February 2012 was <u>schizoaffective disorder</u>, in contrast to Sharma's diagnosis *Delusional Disorder N.O.S.,* possibly due to retaliation(s) in order to "cover-up" my complaint against him. I complained when Sharma said that I was "faking" unwanted homicidal thoughts, such as "knock-out" the seventh-degreed black-belt security guard with a baseball bat, douse him with gasoline, then set him on fire.

- Medical provocation(s) by psychiatrist to hurt person(s). Pompous attitude(s) by Sharma, M.D. regarding his medical textbook(s) knowledge of my eye movement(s) was the reason(s) that Sharma, M.D. gave when he said that I was "faking" the unwanted thought(s) to hurt my landlord(s) and a seventh-degreed black-belt security personnel of whom unjustifiably caused me to vacate and live on the streets, in addition to conveyance of the statements that it was a federal offense to fake a medical condition, he taunted me by saying that if I really wanted to hurt people that I would've done so by now; all these provoation(s) catalpulted the co-ercion of me hitting not that M.D., but a fellow patient named Honeycutt, as soon as I came into contact with the first person I saw inside POD 1, when expressing my frustrations caused by Sharma, to the mental health technician, of who(m) witnessed when I "exploded" on Honeycutt... I went to Mental Health for help, not to be provoked by an M.D.

Sharma never responded to my complaint(s).

3

On or about 04082014 the Office of Investigations and Enforcement of the South Carolina Department of Labor, Licensing and Regulation received my complaint; it was assigned to investigator: Jason Haynes at (803) 896-4510 with case number: 2014-160 with Althea B. Myers as the Chief Investigator.

Communication(s) began with investigator: Haynes via my landline telephone: (864) 993-3635. During communication(s), copies of complaint(s) [twenty-eight (28) page(s)] were mailed to investigator regarding complainant as a patient was not "delusional" regarding complaints with his landlord failing to protect him, but flagrantly pursuing an eviction with him because complainant complained of discrimination by landlord to Housing of Urban Development (H.U.D.) which launched an investigation with South Carolina Human Affairs Investigation, but changed attitudes when they discovered the apartment manager is not white, but black; all these "circumstances" of which Dr. Sharma implied was a "fixed-false belief."

Investigator conveyed with complainant that after reading the complaints to landlord(s) that he (the investigator) would also have been very aggravated; his investigation would be concluded and that he could not reveal his findings but would submit them... ultimately a board would decide if any action(s) were to be taken.

On or about 03042015, Administrator: Sheridan Spoon wrote that Department of Labor, Licensing and Regulation investigated the complaint, presented to the Investigative Review Committee, and that on 02032105 the Board of Medical Examiners ordered the complaint be dismissed.

On or about 03252015 complainant wrote a RESPECTFUL REQUEST(s) letter to whomever it may concern at the South Carolina Department of Labor, Licensing and Regulation, Office of Investigations and Enforcement. The request(s) regarded the reason(s) be listed for the dismissal and such.

On 04012015 an unknown representative regarding an unsigned letter with the correct heading of the Department of Labor, Licensing and Regulation denied requests made by complainant and wrote that Section 40-47-190 of the South Carolina Code of Laws imposes confidentiality requirements upon all proceedings by the Board of Medical Examiners concerning licensed physicians in South Carolina.

On 04162015 complainant wrote a notice indicating the supremecy clause of the United States Constitution regarding contradictions with states and that Congress had enacted Federal Law(s), such as the Adminstration Procedure Act of 1946 (APA) in order to reduce the potential for conflict of interest,  providing for a separation of

4

functions between those agency members engaged in investigation and prosecution and those involved in decision-making.

The notice was written because complainant realized that the South Carolina Department of Labor, Licensing and Regulation was implementing each separate department as not separate, regarding confidentiality, as with the licensee when the three: 1) investigator: Jason Hayes, 2) Investigative Review Committee, and 3) the Board of Medical Examiners, were involved.

Complainant expressed in this notice that the Department of Labor, Licensing and Regualtion not providing a statement from each of those three of findings of fact, reasons or basis for them was in violation of the APA and the Supremecy Clause of the Constitution; the Department of Labor, Licensing and Regualtion not providing a statement from each of those three of findings of fact, reasons or basis for them, for reasons of "confidentiality" statutes is in contradiction with Federal Law.

However, on or about 04222015, Lesia Shannon Kudelka, Communications Director and Ombudsman at (803) 896-4376 wrote that South Carolina law say(s) that any additional information about the dismissal of the case cannot be provided, because if so the Agency would violate state law.

On or about 04282015 complainant went to library and researched the South Carolina Law and read that such confidentialiaty regarding the incapacity of the licensee (physician) were to be confidential, but the Departmentof Labor, Licensing and Regulation personnel were behaving as if this South Carolina Code regarded the incapacity of the complainant "mis-diagnosed" by the licensee.

Therefore, the Department of Labor, Licensing and Regualtion deny the complaintant the federal law(s) that include a statement of findings of fact and conclusions of law and the reasons or basis for them, as well as the statement of the appropriate rule, order, sanction, or relief, be provided for in, by each of the agency's separate functions, as setforth in the APA, enacted by Congress, Federal Law, in order to correct the substance of misconduct(s) by a South Carolina Physician who(m), as the complainant infers, somewhat "mis-diagnosed" this patient as "delusional" in order to bypass the patient's complaints against the psychiatrist, for not providing x-rays and cast for his broken hand, as when the psychiatrist said the patient was "faking" thoughts to "kock-out" the seventh-degreed black-belt secuirty guard for the landlord(s) with a baseball bat and then set him on fire;

since the complainant went to the psychiatrist for "help" only to be called a "faker," the complainant felt provoked; as the patient who(m) acted on that provocation, the complainant "hit" another patient; also at night when attacked during his sleep by another patient, complainant broke his right-hand when trying to defend himself, hitting the wall instead of his nocturnal deranged attacker. Complainant later confirmed that his hand was broken with an orthopaedist at Piedmont Orthopaedics at (864) 234-9994.

### IV. RELIEF.

Provide a Writ of Mandamus upon the physician: DR. TARALKUMAR R. SHARMA, and the South Carolina Department of Labor, Licensing and Regualtion requiring each of their separate functions:

1) Investigator(s),
2) Investigative Review Committee, and
3) Board of Medical Examiners

in order to correct a conflict of interest, order that all decisions (by each of the three in the Agency, and the psychiatrist, alleged of the above misconduct(s), himself) to include a statement of findings of fact and conclusions of law and the reasons or basis for them, as well as the statement of the appropriate rule, order, sanction, or relief, as the APA, encacted by Congress, provides for with the South Carolina Department of Labor, Licensing and Regulation; and for the psychiatrist who(m) allowed my broken hand to heal deformed without x-rays or a cast while under his care to express why this happened just *after I complained against him for provoking me to hit another patient, as when he said I was faking about thoughts to hurt due to my "eye movement(s)."*

*I declare under penalty of perjury that the foregoing is true and correct.*

Signed this ___30th___ day of ___April___, ___2015___.

_____
Signature of Plaintiff

6