IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Tosai Perkins, ) | C/A No. 8:15-1878-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina Department of Labor,) Licensing, and Regulation; ) Taralkumar Ravjibhai Sharma, M.D., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Thomas Tosai Perkins ("Plaintiff"), proceeding pro se, brings this civil action against a state agency and a doctor. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff brings this civil action against Taralkumar Ravjibhai Sharma, M.D. ("Dr. Sharma"), alleged to be a psychiatrist at a Psychiatric Hospital in Anderson, South Carolina, and the South Carolina Department of Labor, Licensing, and Regulation ("the Department"). [Doc. 1 at 1–3.] Plaintiff alleges he was a patient of Dr. Sharma. [Doc. 1.] On February 28, 2014, Plaintiff complained to Dr. Sharma about three issues—negligence for failure to order an X-ray and cast for Plaintiff's broken right hand; incorrect diagnosis of "delusional disorder N.O.S."; and, misconduct due to Dr. Sharma provoking Plaintiff to violence instead of giving him mental health treatment. [*Id.*] Factually, Plaintiff contends: (1) during a session with Dr. Sharma, the doctor provoked him to violence causing him to leave the session and attack the first person he came into contact with, who was a patient named Honeycutt; and, (2) Plaintiff was attacked by another patient at night while he was

asleep, and Plaintiff broke his right hand trying to defend himself. [*Id.*] Dr. Sharma allegedly provided negligent treatment concerning his right hand. [*Id.*]

Plaintiff alleges that Dr. Sharma failed to respond to Plaintiff's complaints. [*Id.*] Thus, on or about April 8, 2014, Plaintiff complained to the Office of Investigations and Enforcement of the Department. [*Id.*] He alleges the Department investigated his complaint against Dr. Sharma, and "the Board of Medical Examiners" dismissed it on February 3, 2015. [*Id.*] Plaintiff then wrote a letter to the Department to request that the reasons for the dismissal be listed; he received a response letter that explained reasons would not be listed due to South Carolina Code § 40-47-190 confidentiality requirements. [*Id.*] Thereafter, Plaintiff allegedly wrote the Department to request findings of fact and reasons for the actions of the investigator, the Investigative Review Committee, and the Board of Medical Examiners; and, he explained that federal law requires disclosure of that information. [*Id.*] Plaintiff alleges that Lesia Shannon Kudelka, Communications Director and Ombudsman, wrote him on or about April 22, 2015, to explain that if the Department gave additional information about the dismissal of the complaint against Dr. Sharma it would violate state law. [*Id.*]

Plaintiff brings this action to require Defendants to comply with federal law that allegedly requires "statement of findings of fact and conclusions of law and the reasons or basis for them, as well as the statement of the appropriate rule, order, sanction, or relief. . . ." [*Id.*] Plaintiff alleges the Department has violated the federal "Administration Procedure Act of 1946 (APA)" and "the Supremecy (sic) Clause of the Constitution" by relying on state law. [*Id.*] For his relief, he seeks a "writ of mandamus" for this Court to order Defendants to provide a written statement of findings of fact, conclusions of law, and

the reasons for them at all levels of the investigation with respect to Dr. Sharma. [*Id.*] Further, he seeks a "writ of mandamus" against Dr. Sharma "to express why this happened." [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

3

to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also McCleary-Evans v. Maryland Dep't of Transp.*, 780 F.3d 582, 585–87 (4th Cir. 2015) (noting that a plaintiff must plead enough to raise a right to relief above the speculative level); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). A plaintiff must do more than provide a formal recitation of the necessary elements of a claim because that would constitute merely conclusions and only speculation would fill the gaps in the complaint. *McCleary-Evans*, 780 F.3d at 585–86.

A federal question relates to an action "'. . . arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted). To invoke this Court's federal question subject matter jurisdiction, a plaintiff needs to allege a colorable claim arising under the laws of the United States. *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (explaining that where a plaintiff invoking § 1331 "pleads a colorable claim 'arising under' the Constitution or laws of the United States," he invokes federal subject

4

matter jurisdiction) (citation omitted). In other words, to allege a plausible claim, a plaintiff must allege some factual content and sufficient detail to support the contention that a defendant violated a federal law or the United States Constitution. *See Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1893 (2015).

Here, although Plaintiff attempts to allege a claim for violation of the Supremacy Clause of the United States Constitution and the federal law, Administrative Procedure Act ("APA"), 5 U.S.C. § 701, he fails to state a plausible claim. Ordinarily, the federal APA does not provide a cause of action against state actors. *See* 5 U.S.C. § 701 (b)(1); *cf. South Carolina Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 330–31 (4th Cir. 2008); *see also Goist v. United States*, C/A No. 0:07-2928-HMH-BM, 2007 WL 3003178, at *5 (D.S.C. Oct. 10, 2007). The federal APA entitles a person to judicial review of a legal wrong suffered because of federal agency action. *See* 5 U.S.C. § 702. Thus, the APA does not give this Court jurisdiction to review the state Department's actions related to the investigation of Dr. Sharma, and Plaintiff's claim that Defendants somehow violated the APA does not state a plausible claim. Similarly, Plaintiff's allegation that Defendants violated the Supremacy Clause of the United States Constitution fails to state a plausible claim. *See United States v. South Carolina*, 840 F. Supp. 2d 898, 909 (D.S.C. 2011) (explaining that the Supremacy Clause itself is not a source of any federal right that may be enforced pursuant to 42 U.S.C. § 1983; however, a plaintiff may state a claim for injunctive relief from complying with a state law due to federal preemption). Here, Plaintiff does not allege any federal law that would preempt the Department's state procedures of handling complaints against licensed physicians. Therefore, Plaintiff does not allege a plausible claim for violation of the

Supremacy Clause. Accordingly, this Court does not have federal question subject matter jurisdiction over this action.

Lastly, to the extent, Plaintiff may assert a negligence, or medical malpractice, claim against Dr. Sharma, he may file such a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Here, it appears that all parties are domiciled in South Carolina, so complete diversity is lacking. Accordingly, this Court has no diversity jurisdiction over this action.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

May 29, 2015                                  s/Jacquelyn D. Austin
Greenville, South Carolina            United States Magistrate Judge

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).